MEMORANDUM *
*904 Daniel Ray LaJocies appeals his conviction upon a conditional plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He argues that the district court erred in denying his motion to suppress evidence obtained as a result of a pat-down search conducted by deputy sheriffs outside a bar in which he had been involved in a minor physical altercation.
The officers had reasonable suspicion to initiate a Terry detention of LaJocies in order to question him regarding the extent and nature of the altercation and to determine whether it was likely to resume when the officers left the scene. Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); see also Adams v. Williams, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1978) (“A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.”). It was also reasonable for the officers to conduct their questioning of LaJocies outside the crowded and noisy bar in which the fight occurred. United States v. Hensley, 469 U.S. 221, 228, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (The test for reasonableness “balances the nature and quality of the intrusion on personal security against the importance of the governmental interests alleged to justify the intrusion.”).
The district court found that LaJocies consented to the pat-down search conducted by the deputies outside the bar. We review a district court's determination that a defendant consented to a search for clear error. See United States v. Pang, 362 F.3d 1187, 1191 (9th Cir.2004). Here, although the district court’s finding that LaJocies consented to the search is somewhat troubling, particularly in light of its finding that he did not consent to the investigatory detention which occurred under virtually identical circumstances, we cannot conclude that the court clearly erred in finding consent with respect to the pat-down. Accordingly, we need not consider whether the district erred in finding that, absent consent, the officers had reasonable suspicion that LaJocies was armed and dangerous and that the search was justified on that basis as well.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.